**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAMON JOHNSON,**<br>**Plaintiff,**<br><br>**v.**<br><br>**THE CITY OF PHILA, POLICE DEPT,** ***et al.*****,**<br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION NO. 26-CV-6293** |

**<u>MEMORANDUM</u>**

**McHUGH, J.** **SEPTEMBER 11, 2026**

Plaintiff Damon Johnson brings this *pro se* civil action against the City of Philadelphia's Police Department and three of its police officers—Officers Solomon, Jackson, and Kintsch[1]—based on allegations that he was illegally stopped, subjected to unlawful force, and maliciously prosecuted.[2] He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Johnson *in forma pauperis* status and dismiss his Complaint with leave to amend.

## I. FACTUAL ALLEGATIONS

On February 1, 2024, Officers Solomon, Jackson, and Kintsch subjected Johnson to "an illegal traffic stop." (Compl. at 2.) Johnson alleges that he complied with the officers' orders during the stop, including by providing his license and registration, but that he was nevertheless "told with hostility and force[d] to get out of the vehicle then sexually frisked" by Officer Solomon, who grabbed Johnson's "private area & more" while frisking him. (*Id.* at 5.) As

[1] The docket incorrectly lists this Defendant as Kinsten.

[2] Johnson also appears to list the Philadelphia Prison System and, possibly, "guards and medical staff" as additional Defendants. (Compl. at 1, 2.) However, none of his factual allegations, which pertain to conduct by police officers, suggests any possible basis for a claim against these Defendants. Accordingly, they will be dismissed from the case.

Johnson was walked behind his vehicle, Officer Solomon began "illegally . . . searching [the] SUV without consent, probable cause or exigent circumstance." (*Id.* at 5-6.) Officer Jackson then ordered Johnson's passenger out of the car, and Officer Kintsch "pulled up with hostility and forcefully start[ed] searching the passenger's side [of the vehicle] without[] consent, probable cause, or exigent circumstances."[3] (*Id.* at 6.)

During their search, the officers opened the glove compartment and apparently found a gun. (*Id.*) The officers told Johnson to get back in the vehicle, but Johnson ran because he claims he did not know "if he was going to be shot" by one of the officers. (*Id.*) The officers then deployed their tasers in Johnson's back and kidneys, "causing [him] to defecate and urinate blood while going face first to the ground," and told him not to move, even though he could not move because his body was stiff as a consequence of being tased. (*Id.* at 6-7.)

At some point, Johnson was detained in handcuffs. (*Id.* at 3.) He was subsequently jailed and prosecuted for unspecified crimes. (*Id.*) He was released from incarceration on August 28, 2024. (*Id.*) Johnson filed his Complaint on August 25, 2026, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[4] (*Id.* at 1.) He seeks damages and

---

[3] To the extent Johnson sought to bring claims on behalf of his passenger, he may not do so. *See Township of Lyndhurst v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (explaining that a plaintiff lacks standing to pursue claims on behalf of a third party); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (stating that a pro se litigant who is not an attorney may not pursue claims on behalf of anyone other than himself).

[4] It appears Johnson prepared his Complaint while incarcerated within the Pennsylvania Department of Corrections, but that he did not file it until after he was released. (*See* Compl. at 2, 4 (listing Johnson's street address)). That conclusion is bolstered by the fact that he is not currently listed as an inmate within the custody of either the Pennsylvania Department of Corrections or the Philadelphia Prison System according to their publicly available incarcerated persons locators, and the fact that he currently receives government assistance. (*See* ECF No. 1 at 2.) Accordingly, the Prison Litigation Reform Act does not apply to this case.

unspecified declaratory and injunctive relief, as well as appointment of counsel "for legal help." (*Id.* at 3.)

## II. STANDARD OF REVIEW

The Court will grant Johnson leave to proceed *in forma pauperis* because it appears that he does not have the ability to pay the fees to commence this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. This standard requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the screening stage, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue."). Additionally, a court may dismiss a complaint based on an affirmative defense when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

As Johnson is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 245). However, "pro se litigants

still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245).

## III. DISCUSSION

Mr. Johnson's Complaint is best construed as bringing claims pursuant to 42 U.S.C. § 1983 for violations of his Fourth Amendment rights stemming from the stop and search of his car, the use of force against him, his detention, and his prosecution.[5] *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard"); *DeLade v. Cargan*, 972 F.3d 207, 211 (3d Cir. 2020) ("[T]he Supreme Court has recognized the Fourth Amendment . . . as the appropriate provision of the Constitution under which to analyze allegations of unlawful arrest and pretrial restraint." (citations omitted)). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). The personal involvement of each defendant in the alleged constitutional violation is a required element, so a plaintiff must allege how each defendant was involved in the events giving rise to the claims.[6] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

---

[5] To the extent Johnson refers to other constitutional amendments or legal provisions, they do not have any apparent applicability to the facts alleged.

[6] A municipality such as the City of Philadelphia is not liable simply because its employee commits a constitutional violation; rather a plaintiff must allege a specific municipal policy or custom is the cause of the claimed constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (stating "local governments are responsible only for 'their *own* illegal acts'" (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986))). Johnson sued the Philadelphia Police Department,

**A. Excessive Force, Search and Seizure, and False Arrest Claims**

Mr. Johnson's claims of excessive force, unlawful search and seizure, and false arrest are time-barred. Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citation modified). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397.

Mr. Johnson alleges that he was illegally stopped and frisked, that his car was illegally searched, and that he was subjected to unlawful force on February 1, 2024. Any excessive force, illegal search, and illegal seizure claims accrued on that date because that is when Johnson knew

---

which does not have a separate legal existence from the City and, as a sub-division of the City, is not a proper Defendant under § 1983. *See Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"). But even if he had named the City, there is no basis for municipal liability here because nothing in the Complaint suggests that the events in question derived from a policy or custom of the City. *See generally McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009) (explaining that the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard). In other words, in addition to the reasons below, Johnson's claims against any municipal entities fail for the additional reason that he has not alleged a basis for municipal liability.

or should have known that he was injured by virtue of the claimed constitutional violations. *See Brown v. Delaware Cnty. Sheriffs Dep't*, No. 26-1132, 2026 WL 2057062, at *1 (3d Cir. July 16, 2026) (*per curiam*) ("Brown's claim of excessive force accrued at the time of the alleged incident in November 2022."); *Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014) (holding that illegal search and seizure claims accrued at the time that plaintiff knew or should have known about events giving rise to his claims); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (*per curiam*) ("Here, Woodson's § 1983 claim accrued when the search and seizure occurred on October 8, 2009—in other words, the moment that Woodson indisputably knew about the alleged faults of search and seizure."); *LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."). Similarly, Johnson's false arrest claim accrued once he was held pursuant to process, *i.e.*, once he was brought before a judge on the charges alluded to in his Complaint, which would have occurred within a few days of his arrest. *See DiGiesi v. Twp. of Bridgewater Police Dep't*, No. 24-1768, 2025 WL 1218254, at *1 (3d Cir. Apr. 28, 2025) ("The alleged false arrest and imprisonment happened on March 13, 2016; thus the complaint filed on July 1, 2019, was well past the two-year mark."); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("[T]he two-year limitation period for Montgomery's section 1983 false arrest and false imprisonment claims began to run on . . . the night of Montgomery's arrest and detention."); *see also Mister v. Burkhart*, No. 26-821, 2026 WL 442419, at *3 (E.D. Pa. Feb. 17, 2026) (describing arraignment process in Pennsylvania). Since Johnson did not file this civil action until August 25, 2026—

more than two years and six months after he was allegedly subjected to excessive force, illegal search and seizure, and false arrest—these claims are time barred.[7]

It is also apparent from the Complaint that tolling does not save Johnson's excessive force, illegal search and seizure, and false arrest claims. Pennsylvania allows for tolling based on the "discovery rule," which "delays the running of the statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause," *Beauty Time, Inc. v. VU Skin Sys., Inc.*, 118 F.3d 140, 144 (3d Cir. 1997) (internal quotation marks and citation omitted), and based on fraudulent concealment, *see* 42 Pa. Cons. Stat. § 5504; *Aivazoglou v. Drever Furnaces*, 613 A.2d 595, 598 (Pa. Super. Ct. 1992); *see also Poole v. Marks*, 441 F. App'x 854, 857 (3d Cir. 2011) (*per curiam*) ("In Pennsylvania, judicial extensions of the statute of limitations are expressly forbidden absent fraud or its equivalent." (citations omitted)). Federal law, which only applies if Pennsylvania law "actually conflicts with federal law or policy," *Kach v. Hose*, 589 F.3d 626, 643 (3d Cir. 2009), permits equitable tolling of § 1983 claims: "(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum," *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000) (citation omitted).

[7] A malicious prosecution claim "accrues when criminal proceedings end in the plaintiff's favor." *Randall v. City of Philadelphia Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019) (citation omitted)). It is unclear when, if at all, the charges against Johnson ended in his favor, but the Complaint alleges that he was released from imprisonment on August 28, 2024. (Compl. at 3.) Since the Complaint suggests that any malicious prosecution claims may be timely, the Court will address those claims below.

None of these factors is present here. The Complaint reflects Johnson sent a letter dated March 13, 2024, to the Internal Affairs Department describing the Defendant-officers' conduct, (Compl. at 5-7),[8] and an investigation was conducted that concluded on August 28, 2024, the same day Johnson was released from custody, (*id.* at 2-3). It appears Johnson may believe he is entitled to tolling while the Internal Affairs Department investigated the officers' conduct. (*Id*. at 2.) To the contrary, his letter reflects that he was well-aware of the factual basis for his claims and the injuries he sustained at the time he interacted with the officers on February 1, 2024. The existence of an internal investigation into his allegations does not justify tolling. *See Brown v. Buck*, 614 F. App'x 590, 593 (3d Cir. 2015) (*per curiam*) ("Even assuming, . .. the officers falsely reported they shot Brown in self-defense, those statements do not conceal Brown's injury or its cause. Rather, Brown knew of his injury the moment the SWAT officer shot him. Brown's reliance on the doctrine of fraudulent concealment is thus misplaced."); *Barnes v. Trenton Police Dep't*, No. 09-5934, 2009 WL 4508893, at *6 (D.N.J. Dec. 1, 2009) (holding that equitable tolling did not save untimely claims even though plaintiff requested an investigation by the Internal Affairs department and alleged "that the detectives who were investigating the incident never got back to him"); *see also Valdez v. Schillari*, No. 16-2943, 2017 WL 6619328, at *6 (D.N.J. Dec. 27, 2017) (observing that an Internal Affairs investigation would not toll the limitation period in a § 1983 action raising excessive force claims).

**B. Johnson Has Failed to State a Malicious Prosecution Claim**

The only claim that appears timely is Mr. Johnson's malicious prosecution claim. To state a Fourth Amendment malicious prosecution claim, a plaintiff must plausibly allege "that a

[8] The letter is attached to Johnson's Complaint and forms the crux of his factual allegations in this proceeding.

government official charged him without probable cause, leading to an unreasonable seizure of his person." *Chiaverini v. City of Napoleon*, 602 U.S. 556, 558 (2024) (citing *Thompson v. Clark*, 596 U.S. 36, 43, and n.2 (2022)). A malicious prosecution claim under § 1983 has five elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Harvard v. Cesnalis*, 973 F.3d 190, 203 (3d Cir. 2020) (internal quotation marks and citation omitted). "Probable cause exists if there is a fair probability that the person committed the crime at issue." *Id.* at 199 (quotations omitted). A "favorable termination" occurs when a prosecution ends "without a conviction." *Thompson*, 596 U.S. at 49. Since Johnson's Complaint does not allege what crime or crimes he was charged with committing, why probable cause was lacking for the criminal charges filed against him, why bringing those charges was malicious, or that the criminal proceedings terminated in his favor, he has not alleged any basis for a malicious prosecution claim. *See, e.g., Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting a malicious prosecution claim, plaintiff "needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing, *inter alia*, malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all allegations against them in the underlying criminal proceedings were false).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Johnson leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Johnson will be given leave to file an amended complaint in the event he can cure the defects identified above. The Court will not appoint counsel at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. McHUGH, J.**